```
          UNITED STATES DISTRICT COURT
             DISTRICT OF MINNESOTA
          CIVIL NO. 21-1170(DSD/BRT)
```

Shanieca Moore,

       Plaintiff,

v.                                             **ORDER**

MAV Motors Co. and
Western Surety Company,

       Defendants.

      Todd M. Murray, Esq. and Freidman Murray, PLLC, 1400 Van Buren Street NE, Suite 200-222, Minneapolis, MN 55413, counsel for plaintiff.

      Yury Suponitsky, Esq. and Morris Law Group P.A., 7380 France Avenue South, Suite 250, Edina, MN 55435, counsel for defendants.

This matter is before the court upon the motion to dismiss by defendants MAV Motors Co. and Western Surety Company. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion to dismiss is denied.

**BACKGROUND**

This dispute arises out of plaintiff Shaneica Moore's purchase of a 2007 Chevrolet Suburban from MAV Motors, a Minnesota used car dealership, in December 2020. Western Surety provided a surety bond to MAV Motors as required by Minn. Stat. § 168.27. Compl. ¶¶ 30-32.

In 2015, title for the Suburban was issued to Sarah Matthies. Id. ¶ 10. The title listed the odometer reading as 180,670 miles. Id. ¶ 11. Matthies sold the vehicle to Borton Volvo on November 17, 2020. Id. ¶ 12. Borton Volvo sold the vehicle to Statewide Wholesale the same day. Id. ¶ 13. The following month, Statewide Wholesale sold the Suburban to MAV Motors. Id. ¶ 14. At the time of that sale, the Suburban's odometer read 256,899 miles. Id. ¶ 16. Moore alleges that MAV Motors thereafter rolled back the Suburban's odometer to read 171,000 miles, either intentionally or in the process of repairing the vehicle. Id. ¶¶ 17, 22-23.

When Moore agreed to purchase the Suburban, MAV Motors prepared a vehicle purchase contract, which stated that the vehicle's mileage was 171,000. Id. ¶ 18. At the time of sale, Moore was unaware that the odometer reading was inaccurate. Id. ¶ 19. She later learned, by reviewing the previous title and a CarFax report, that the odometer reading was lower than the actual miles on the Suburban. Id. ¶ 20. Moore believes that the Suburban had approximately 256,000 miles on it when she purchased the vehicle. Id. ¶¶ 1, 22.

On May 6, 2021, Moore commenced this action alleging that MAV Motors intentionally altered the odometer with the intent to defraud prospective buyers in violation of the Motor Vehicle Information and Cost Savings Act of 1972 (Federal Odometer Act), 49 U.S.C. § 32703(2), and the Minnesota Odometer Act, Minn. Stat.

2

§ 325E.14, subdiv. 1. She alternatively alleges that MAV Motors altered the odometer while servicing the Suburban but failed to adjust the odometer to zero miles and to provide notice of the adjustment, in violation of § 32704(a) of the Federal Odometer Act and § 325E.14, subdiv. 6 of the Minnesota Odometer Act.[1] Moore additionally alleges that MAV Motors violated the Minnesota Odometer Act by offering the Suburban for sale knowing that the odometer had been altered, in violation of Minn. Stat. § 325E.14, subdiv. 4. Moore claims that Western Surety, as MAV Motors' insurer, is liable for monetary losses caused by MAV Motors' statutory violations. Compl. ¶¶ 20-21. Defendants now move to dismiss.

## DISCUSSION

### I. Standard of Review

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual

---

[1] Moore has withdrawn her claim that MAV Motors made a false statement on the vehicle purchase contract with the intent to defraud, in violation of § 32705(a)(2) of the Federal Odometer Act. See ECF No. at 6 n.5.

3

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

**II.  Adequacy of Complaint**

Relevant here, the Federal Odometer Act and the coextensive Minnesota Odometer Act[2] prohibit the seller of an automobile from tampering with or misrepresenting the mileage registered on the odometer. 49 U.S.C. § 32703(2); Minn. Stat. § 325E.14, subdiv. **1**. The statutes also require sellers who perform repair vehicles that alter the odometer to reset the odometer to zero and provide written notice of the adjustment. 49 U.S.C. § 32704(a); Minn. Stat. § 325E.14, subdiv. 6. Private persons who bring civil actions under the statutes must plead and prove that a violation was done with "intent to defraud." 49 U.S.C. § 32710(a).

---

[2]  See Minn. Stat. § 325E.14, subdiv. 15 (adopting by reference the prohibitions contained in the Federal Odometer Act).

4

Defendants argue that the Moore has failed to plausibly plead that MAV Motors tampered with or altered the Suburban's odometer and that it did so with specific intent to defraud.[3]  In making this argument, defendants purport to quote, but do not provide to the court, statements made in various title-related documents.  In essence, defendants assert that the documents show that plaintiff was on notice that the odometer reading was inaccurate and, therefore, MAV Motors could not have acted with intent to defraud.  The court will not rely on uncorroborated and unsupported statements at any time and certainly not at this early stage.  Moore adequately alleges each claim in her complaint, including that MAV Motors intentionally deceived her with respect to the Suburban's mileage.  Whether those allegations will be borne out as the case progresses is a question for another day.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the motion to dismiss [ECF No. 7] is denied.

Dated: July 29, 2021                    s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court

---

[3]  Defendants initially argued that the Suburban is exempt from mileage disclosure requirements and the statutory prohibition against giving false statements relating to mileage.  See ECF No. 9.  In their reply argument, defendants abandon that argument.  See ECF No. 18.  As a result, the court will not address exemption and will turn directly to the issues in dispute, as raised for the first time in defendants' reply.